**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 19-3072-01-CR-S-SRB |
| LARRY K. HAYWARD, | |
| Defendant. | |

**MOTION OF THE UNITED STATES FOR PRETRIAL
DETENTION HEARING PURSUANT TO TITLE 18,
UNITED STATES CODE, SECTION 3142(f)**

The United States of America, by the United States Attorney for the Western District of Missouri, does hereby move that the Court order a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure the safety of other persons and the community and the appearance of the defendant. As grounds for the motion, the United States submits that:

1. There is probable cause to believe that the defendant committed the offense of conspiracy to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1) and (b)(1)(B) and other crimes;
2. The defendant poses a risk to the safety of others in the community; and
3. The defendant poses a serious risk to flee.

**SUPPORTING SUGGESTIONS**

Subsection 3142(f), of Title 18, United States Code provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person in the community if the attorney for the government moves for such a hearing and if the case involves

an offense under the Controlled Substances Act (21 U.S.C. § 801, et seq.) for which imprisonment for 10 years or more is possible. In this case, the defendant is charged with conspiracy to distribute 100 grams or more of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1) and (b)(1)(B), a crime for which a term of not more than 40 years in prison is possible.

Accordingly, upon a showing that there exists probable cause that the defendant committed the offense referred to in the indictment, there is a legal presumption, subject to rebuttal by the defendant, that no condition or combination of conditions will reasonably assure his appearance or assure the safety of the community. *See United States v. Apker*, 964 F.2d 742, 743-44 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069-70 (8th Cir. 1988). Section 3142(e) and (f)(1) provides a presumption that a defendant will not appear for subsequent court appearances that arise if the offense is one enumerated under the Controlled Substance Act, as referred to above. Under the Bail Reform Act, there is also a presumption that the likelihood of flight increases with the severity of the charges, the strength of the government's case, and the penalty which conviction could bring. *See Apker*, 964 F.2d at 744.

An investigation by the Drug Enforcement Administration (DEA) showed that Larry Hayward and Jasmine Steed were locally distributing significant amounts of heroin. Several controlled buys were conducted from Hayward and Steed. In July 2018, Steed and another individual were located in a vehicle in a Wal-Mart parking lot and the other individual had approximately 50 grams of heroin, which the individual said was Steed's. In October 2018, warrants were executed at Steed and Hayward's homes. During the warrant executions, Hayward was found to have approximately 12.6 grams of heroin (with packaging) on his person and Steed had approximately 24 grams of heroin on her person. Hayward was indicted on June 11, 2019.

Until he was recently arrested in Chicago, he was a fugitive. During the fugitive investigation, Drug Enforcement Administration Special Agent John Stuart accessed Steed's jail calls. Steed was in custody at the Greene County, Missouri, Jail. In those calls, Special Agent Stuart saw that Steed and Hayward were communicating, indicating that Hayward was aware that he had been indicted along with Steed.

For the reasons set forth above, the United States requests that a detention hearing be held and that the defendant be denied bail.

Respectfully submitted,

TIMOTHY A. GARRISON
United States Attorney

By    */s/ Josephine L. Stockard*
Josephine L. Stockard, MO Bar #63956
Assistant United States Attorney
901 St. Louis Street, Suite 500
Springfield, Missouri 65806-2511

## Certificate of Service

The undersigned hereby certifies that a copy of the foregoing was delivered on November 16, 2020, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Josephine L. Stockard*
Josephine L. Stockard
Assistant United States Attorney