IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 6:19-CR-03072-SRB-1 |
| | ) | |
| LARRY K HAYWARD, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Government's Notice of Intent to Introduce Evidence of Crimes, Wrongs, or Other Acts of Defendant ("Notice of Intent"). (Doc. 284). The prosecution intends to introduce at trial testimony from U.S. Drug Enforcement Administration Task Force Officer Stephen Erceg indicating Defendant Larry K. Hayward ("Defendant") sold heroin to a confidential source on or about August 15, 2019, almost nine months following the conspiracy the prosecution alleges. The prosecution also intends to introduce as evidence testimony from Iowa Department of Public Safety Criminalist Kelli Flanagan, who analyzed substances Defendant sold and determined them to be a mixture of heroin and fentanyl. Defendant responded to the prosecution's notice, requesting the Court preclude the prosecution from introducing at trial any evidence of the August 15, 2019 drug transaction. (Doc. 289).

Under Fed. R. Evid. 404(b), evidence of a crime, wrong, or other act is not admissible to prove a person's character, but it may be admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Evidence is admissible under 404(b) if it is: 1) relevant to show a material issue; 2) similar in kind and not overly remote in time to the crime charged; 3) supported by sufficient evidence; and 4) higher in probative value than prejudicial effect." *United States v. Davis*, 867 F.3d 1021,

1

1029 (8th Cir. 2017); *cert. denied*, 138 S. Ct. 1441 (2018). The Court has broad discretion to admit 404(b) evidence. *United States v. Yellow*, 18 F.3d 1438, 1441 (8th Cir. 1994). The Court intends on ruling on admissibility at trial. If the prosecution proffers evidence consistent with the description in the Notice of Intent, the Court finds the evidence meets requirements for admission under 404(b).

Evidence contemplated by the prosecution is relevant to show Defendant's knowledge of drugs and distribution, intent, and lack of mistake regarding the conduct alleged in the Indictment. (Doc. 1). The evidence is similar in kind, as the evidence contemplated involves Defendant selling heroin and fentanyl, while the conduct alleged in the Indictment involves Defendant selling and conspiring to sell heroin. (Doc. 1). Selling fentanyl and heroin is sufficiently similar for 404(b) purposes. "On the issue of similarity, our test merely requires that the prior acts are "sufficiently similar to support an inference of criminal intent." *United States v. Williams*, 796 F.3d 951, 959 (8th Cir. 2015) quoting (*United States v. Walker*, 470 F.3d 1271, 1275 (8th Cir. 2006)). The August 15, 2019 sale is not overtly remote to the charged conduct, as fewer than nine months separate the events. *United States v. Thomas*, 593 F.3d 752, 759 (8th Cir. 2010) (evidence still admissible for 404(b) purposes even when four years separate charged conduct and subsequent act).

If proffered at trial, the type of testimonial evidence the prosecution describes would be sufficient for the third prong of the *Davis* test. The probative value of the evidence the prosecution describes outweighs any prejudicial effect, especially with limiting instructions. *United States v. Edelmann*, 458 F.3d 791, 810 (8th Cir. 2006) ("We note that the limiting instruction the district court gave to the jury as to the Rule 404(b) evidence sufficiently cured whatever unfair prejudice Edelmann may have suffered.").

Accordingly, the Court intends to **ADMIT** evidence offered by the prosecution over any defense 404(b) objections, insofar as that evidence is consistent with the prosecution's description in the Notice of Intent.

**IT IS SO ORDERED.**

DATED: August 17, 2022

                                             _/s/     Douglas  Harpool_
                                                    **DOUGLAS HARPOOL**
                                       **UNITED STATES DISTRICT JUDGE**