# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 6:19-CR-03072-MDH |
| ) | |
| LARRY HAYWARD, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Defendant Larry Hayward's ("Defendant's") Motion for Acquittal. (Doc. 309). Defendant moves this Court for acquittal on Counts One, Two, Three, and Nine of Defendant's Indictment, or alternatively, for a new trial. (Doc. 309). Defendant's Motion does not appear to reference Count Six, wherein Defendant was found guilty of possession of heroin. The government failed to respond to Defendant's written motion. A jury found Defendant guilty of one count of conspiracy to distribute more than 100 grams of cocaine (Count One); three counts of distribution of heroin (Counts Two, Three, and Six); and one count of possession with intent to distribute heroin (Count Nine). (Doc. 307). This Court previously denied Defendant's oral motion for a judgment of acquittal during trial. For reasons herein, Defendant's Motion is **DENIED**.

## DISCUSSION

Defendant's present motion relies on Federal Rule of Criminal Procedure 29 and largely reasserts the same arguments regarding legal insufficiency of evidence Defendant raised orally during trial. A judgment of acquittal is appropriate, "only when no reasonable jury could have found the defendant guilty beyond a reasonable doubt." *United States v. Hardin*, 889 F.3d 945,

1

949 (8th Cir. 2018) (citations omitted). For the same reasons discussed during trial, this Court denies Defendant's request for a judgment of acquittal based on legal insufficiency of evidence. This Court finds a reasonable jury could have convicted Defendant of Counts One, Two, Three, Six, and Nine based on evidence the government presented at trial.

Defendant also cites Federal Rule of Criminal Procedure 33(a), moving this Court to vacate the jury's conviction and grant a new trial. Rule 33(a) allows this Court to vacate a judgment and grant a new trial only, "when the interest of justice so requires." Here, Defendant re-asserts various objections made during trial. This Court finds the interests of justice do not cut in favor of vacating the judgment or granting a new trial, as the evidence at trial does not preponderate against the jury's guilty verdict. *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980).

Again relying on Rule 33(a), Defendant, an African-American male, argues this court must grant a new trial also because all but one petit jury members were Caucasian. The Supreme Court has held, "Although a defendant has no right to a petit jury composed in whole or in part of persons of [the defendant's] own race, he or she does have the right to be tried by a jury whose members are selected by nondiscriminatory criteria." *Powers v. Ohio*, 499 U.S. 400, 404 (1991) (citations omitted). The Supreme Court has also held that although, "petit juries must be drawn from a source fairly representative of the community we impose no requirement that petit juries actually chosen must mirror the community and reflect the various distinctive groups in the population. *Taylor v. Louisiana*, 419 U.S. 522, 538 (1975). Accordingly, this Court finds the composition of Defendant's petit jury members do not require this court to vacate Defendant's conviction and grant a new trial pursuant to Rule 33(a).

## CONCLUSION

For foregoing reasons Defendant's Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 8, 2022　　　　　　　　　　　　　　　　　 */s/ Douglas Harpool*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**DOUGLAS HARPOOL**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**